IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CYNTHIA ULRICH FULLER,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV413 |
| | ) | |
| V. | ) | |
| | ) | |
| **HARTFORD LIFE & ACCIDENT** | ) | **FINDINGS AND** |
| **INSURANCE COMPANY,** | ) | **RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's "Motion Opposing Defendant's Petition for Removal" (filing 3) and Plaintiff's "Amended Motion Opposing Defendant's Petition for Removal" (filing 10). The undersigned construes each of these filings as motions to remand. For the reasons explained below, it will be recommended to Chief United States District Judge Laurie Smith Camp that the motions be denied.

## BACKGROUND

This suit was filed in the District Court of Douglas County, Nebraska on or about September 25, 2014. Summons was issued and mailed to Jennifer Karpinsky at Defendant's disability claims office in Lexington, Kentucky. Ms. Karpinsky is employed by Defendant as a disability investigative specialist.

Defendant did not respond to the complaint, which resulted in a default judgment being entered by the state court on or about November 24, 2014. On December 4, 2014, Defendant filed a motion to set aside the default judgment. Following a hearing on December 9, 2014, the District Court of Douglas County entered an order setting aside the default judgment and granting Defendant's request to answer the complaint. Defendant filed an answer on or about December 12, 2014. Defendant filed its notice of removal on December 22, 2014. (Filing 1.)

On January 16, 2015, Plaintiff filed its initial motion to remand, arguing that removal was improper because Plaintiff did not receive notice of the removal until January 13, 2015. ([Filing 3](#).) Defendant responded, showing that the notice of removal was filed electronically with this Court on December 22, 2014, and that Plaintiff's counsel, who is registered to receive electronic notice of federal filings, was sent notice of the filing by email. ([Filing 6](#).) Defendant also produced an affidavit from Defendant's counsel stating that a copy of the removal notice was sent to Plaintiff's counsel by mail on December 22, 2014. (*[Id](#)*.)

On February 11, 2015, Plaintiff filed an amended motion to remand ([filing 10](#)), in which she argued for the first time that removal was untimely because the notice of removal was not filed within 30 days of service of the complaint.

**DISCUSSION**

Plaintiff does not dispute that this Court generally has jurisdiction over this action. Instead, in her initial motion for remand, Plaintiff claims that Defendant's removal was improper because she did not receive prompt notice of the removal. Based on Defendant's showing that Plaintiff's counsel was sent a copy of the removal notice, the undersigned concludes that Plaintiff's initial motion for remand ([filing 3](#)) should be denied.

Plaintiff's amended motion for remand should also be denied. Under [28 U.S.C. § 1446](#), a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Defendant contends that it was not properly served and that it did not become aware of the suit until after the default judgment was entered. Defendant then entered an appearance in the action on December 4, 2014. Defendant argues that because its notice of removal was filed within 30 days of its first appearance in the action, removal was timely.

Defendant was not properly served in the state action. In Nebraska, a corporation, such as Defendant, "may be served by personal, residence, certified mail, or designated delivery service upon any officer, director, managing agent, or registered agent, or by leaving the process at the corporation's registered office with a person employed therein, or by

certified mail or designated delivery service to the corporation's registered office." Neb. Rev. Stat. § 25-509.01. Here, Plaintiff's attempted service by certified mail was directed to Jennifer Karpinsky, an individual who is employed by Defendant as an investigative specialist and who worked at Defendant's claims office in Lexington, Kentucky. Ms. Karpinsky is not an officer, director or registered agent of Defendant, and does not work at Defendant's registered office for service of process.

The United States Supreme Court has held that a "defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347-48 (1999). In other words, "actual notice of the action is insufficient; rather, the defendant must be notified of the action, and brought under a court's authority, by formal process, before the removal period begins to run." *Quality Loan Service Corp. v. 24702 Pallas Way,* 635 F.3d 1128, 1133 (9th Cir. 2011) (quotation omitted). Because Defendant was not properly served, and Defendant did not enter an appearance in the state action until December 4, 2014, removal was timely.

Accordingly,

**IT IS HEREBY RECOMMENDED** to Chief United States District Court Judge Laurie Smith Camp that Plaintiff's Motion Opposing Defendant's Petition for Removal (filing 3) and Plaintiff's Amended Motion Opposing Defendant's Petition for Removal (filing 10) be denied.

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.

**DATED April 2, 2015.**

                                          **BY THE COURT:**

                                          S/ F.A. Gossett
                                          **United States Magistrate Judge**